**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MAGNACROSS LLC, | Case No. 2:15-cv-844 |
| Plaintiff, | **(Lead Case) (Consolidated)** |
| v. | |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ET. AL., | |
| T-MOBILE USA, INC. | **Civil Action No. 2:15-cv-854-JRG** |
| Defendants. | |

<u>**DEFENDANT T-MOBILE USA, INC.'S MOTION TO DISMISS ALL CLAIMS IN PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**</u>

Defendant T-Mobile USA, Inc. ("T-Mobile") respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all direct and indirect infringement claims in Plaintiff Magnacross LLC's ("Magnacross") First Amended Complaint ("Complaint") for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Magnacross alleges that T-Mobile directly and indirectly infringes at least independent claim 1 of the '304 Patent directed to "a method of wireless transmission of data in digital and/or analogue format through a communications channel from at least two data sensors to a data processing means." Magnacross's Complaint is inadequate for two reasons.

First, Magnacross's Complaint should be dismissed because Magnacross cannot meet even the Form 18 minimum threshold for pleading direct infringement. Magnacross bases its direct infringement theory upon T-Mobile's *receiving* at a base station certain audio and video signals from allegedly infringing smartphones, while the asserted method claim only recites the step of *transmitting* signals. Accordingly, the action attributed to T-Mobile is not an act of infringement and Magnacross has failed to adequately plead a requisite element of Form 18.

Second, Magnacross has failed to allege ***any*** facts, conclusory or otherwise, to support its claims for indirect infringement. Specifically, for its induced infringement allegations, Magnacross wholly fails to allege any facts showing that T-Mobile knowingly induced others to infringe the '304 Patent or possessed the specific intent to encourage infringement necessary to state a claim for induced infringement under 35 U.S.C. §271(b). Magnacross also has failed to allege any facts to suggest that the undefined "accused instrumentalities" or "system" are not staple articles of commerce with no substantial non-infringing uses, or that T-Mobile sold such products knowing that they were especially made or adapted for use constituting infringement of

the '304 Patent. Thus, Magnacross has failed to state a claim for contributory infringement under 35 U.S.C. §271(c). Because Magnacross's indirect infringement assertions fail to meet the pleading requirements, Magnacross's Complaint should be dismissed.

## BACKGROUND

Magnacross filed its Original Complaint on May 26, 2015 asserting that T-Mobile and other defendants directly infringe U.S. Patent No. 6,917,304 ("the '304 Patent") entitled "Wireless Mutliplex [sic] Data Transmission System" (Dkt. No. 1). T-Mobile filed its answer and counterclaims to Magnacross's claims of direct infringement on August 6, 2015 (Dkt. No. 12). On August 31, 2015, all cases were consolidated for all pretrial issues with the Lead Case, Cause No. 2:15-cv-844 (Dkt. No. 19).

Magnacross filed a First Amended Complaint in the consolidated case on November 25, 2015, asserting that T-Mobile directly and indirectly infringes the '304 Patent (Dkt. No. 102).[1] The First Amended Complaint alleges that T-Mobile directly infringes at least claim 1 of the '304 Patent "by actions comprising using a LTE(4G) network base station to receive audio and video data transmissions from mobile devices, such as smartphones, that have a video sensor for capturing video and an audio sensor for capturing audio, which collectively perform the method of the wireless transmission of data through a communications channel from at least two data sensors to a data processor…" Complaint at ¶ 11. The First Amended Complaint further alleges that T-Mobile indirectly infringes at least claim 1 of the '304 Patent "by providing a LTE(4G) network base station to receive audio and video data transmissions from mobile devices, such as smartphones, that have a video sensor for capturing video and an audio sensor for capturing audio for use by Defendant's customers." Complaint at ¶ 12.

---

[1] The Court granted T-Mobile's unopposed request for an extension of time through and including January 13, 2016, to answer or otherwise respond to Magnacross's First Amended Complaint (Dkt. No. 127).

The First Amended Complaint goes on to allege that T-Mobile "is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the accused instrumentalities to its customers and by aiding and abetting its use." Complaint at ¶ 13.  The First Amended Complaint further alleges that "Defendant encourages customers to use the accused instrumentalities, and provides instructions for conducting the directly infringing use" and that "Defendant knew or should have known that through its acts it was and is inducing infringement of the '304 patent."  *Id*.  The First Amended Complaint further alleges that "Defendant is and has been committing the act of contributory infringement by intending to provide the identified accused instrumentalities to its customers knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '304 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use."  Complaint at ¶ 14.

## LEGAL STANDARD

To survive a motion to dismiss, a claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court must accept as true all material allegations of the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the "complaint's '[f]actual allegations must be enough to raise a right of relief above the speculative level.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  A pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Pickard v. Vacek*, No. 07-cv-817, 2008 WL 3861673, at *3 (E.D. Tex. Aug. 19, 2008).

A district court, therefore, should conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). First, the district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  *Id*.  Second, the district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *Id*.

Put another way, a complaint must do more than aver that the plaintiff is entitled to relief; it must "show" such an entitlement through its facts.  *S. Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679; *Hole v. Texas A&M Univ.*, 360 Fed. Appx. 571, 573 (5th Cir. 2010).  The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679; *Garland v. Toledo Fin. Corp.*, No. 10-cv-20, 2010 WL 2545438, at *3 (E.D. Tex. May 25, 2010) ("[A] plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.").

## ARGUMENT

### a.   Direct Infringement

Prior to December 1, 2015, a plaintiff pleading a claim of direct infringement was required to put forward allegations that equaled or exceeded the level of specificity required by Form 18 of the Federal Rules of Civil Procedure.  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334, (Fed. Cir. 2012).  In total, Form 18 required

"(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [a device] embodying the patented invention'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.   *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013).

Amendments to the Federal Rules of Civil Procedure took effect on December 1, 2015, abrogating Rule 84 and the Appendix of Forms, including Form 18.   Under the new rules, allegations of direct infringement are subject to the pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to demonstrate a "plausible claim for relief."   The Supreme Court of the United States' Order that accompanied the submission of the amendments to Congress stated that the amendments "shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced *and, insofar as just and practicable, all proceedings then pending*." (emphasis added).[2]   Given that Magnacross filed its First Amended Complaint **only five days prior** to the December 1 rule change, clearly anticipating the heightened pleading requirements it cannot meet, it would be just and practicable for the Court to apply the new standard here.

In any event, Magnacross has failed to adequately plead direct infringement even under the old Form 18 minimum threshold because it cannot plead that T-Mobile has committed an infringing act (*i.e.*, "a statement that defendant has been infringing the patent 'by making, selling, and using [a device] embodying the patented invention.'").   Magnacross alleges T-Mobile directly infringes the '304 Patent only because T-Mobile's "LTE(4G) base station"

---

[2] Supreme Court of the United States, Order regarding amendments to the Federal Rules of Civil Procedure (Apr. 29, 2015), available at http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf (last visited December 31, 2015)

*receives* data from allegedly infringing devices, *i.e.*, mobile devices such as smartphones. However, using a base station to receive data is not embodied by the patent claims, and receiving data is not an infringing act according to asserted method claim 1.

Claim 1 recites a method of wireless transmission of data in digital or analogue format through a communications channel from at least two data sensors to a data processing means, including the steps of:

> (1) dividing a communications channel into sub-channels, and
>
> (2) transmitting data from at least two data sensors through the sub-channels.

The requisite (and claimed) acts of "dividing" and "transmitting data" in claim 1 of the '304 Patent are clearly different from the act of receiving data performed by T-Mobile's base station. The action attributed to T-Mobile is not an act of infringement. Given these are the only factual allegations in the Complaint, Magnacross has no basis for a claim of direct infringement against T-Mobile. Accordingly, the Complaint does not properly state a claim of direct infringement against T-Mobile, and it should be dismissed. Under Magnacross's direct infringement theory, any amendment would be futile.

### b.   Indirect Infringement

Magnacross accuses T-Mobile of indirect infringement in a formulaic fashion by reciting the elements of each cause of action without any supporting facts. Magnacross's Complaint alleges that T-Mobile indirectly infringes "by way of inducing infringement and contributing to infringement of at least claim 1 of the '304 Patent"… "by providing a LTE(4G) network base station to receive audio and video data transmissions from mobile devices, such as smartphones, that have a video sensor for capturing video and an audio sensor for capturing audio for use by

Defendant's customers."  Complaint at ¶ 12.  Magnacross's indirect infringement claims should be dismissed for the following reasons.

### i.    Magnacross fails to plead any facts to support its claim for induced infringement

To state a claim for induced infringement under 35 U.S.C. § 271(b), Magnacross must plead facts demonstrating that T-Mobile "actively induce[d] infringement of a patent."   35 U.S.C. §271(b).  A claim for induced infringement under 35 U.S.C. §271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement.  *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005).  The intent element requires that the defendant "[know] that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011); see also *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").   Thus, the complaint must contain facts plausibly showing that the defendant (1) specifically intended for its customers to infringe the asserted patent, and (2) knew that the customer's acts constituted infringement.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Magnacross fails to allege ***any*** facts that plausibly raise a claim for induced infringement.  Specifically, the Complaint alleges that T-Mobile is liable for inducing infringement by "specifically intending to induce infringement by providing the accused instrumentalities to its customers and by aiding and abetting its use."   However, the Complaint does not contain any facts plausibly showing that T-Mobile possessed the specific intent to encourage its customers or any third party to infringe the '304 Patent.  Further, a plaintiff must allege more than just that the

alleged infringer intended to cause the underlying acts that ultimately resulted in direct infringement.  The patent owner must instead plead facts showing that the alleged infringer was culpable in encouraging another's infringement.  *See Kyocera Wireless Corp. v. Int'l Trade Com'n*, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008); *Tierra Intelectual Borinquen, Inc. v. Asus Computer Int'l, Inc. et al.*, No. 2:13-cv-38-JRG, (E.D. Tex Mar. 3, 2014) ("[I]t is clear that induced infringement requires specific intent, as distinguished from mere knowledge.  Such intent must be proven by evidence of affirmative acts undertaken by the defendant to encourage or otherwise promote infringement.").   The Complaint merely alleges that "Defendant encourages customers to use the accused instrumentalities, and provides instructions for conducting the directly infringing use."  Complaint at ¶ 13.  However, the Complaint is devoid of any facts supporting T-Mobile's alleged culpability such as affirmative acts undertaken by T-Mobile, or that T-Mobile intended to cause underlying allegedly infringing acts.

Moreover, the Complaint does not contain any facts plausibly showing that T-Mobile knew that its customers' acts constituted infringement.  The Complaint merely alleges that "Defendant knew or should have known that through its acts it was and is inducing infringement of the '304 patent."  Complaint at ¶ 13.  However, there are no facts to support that T-Mobile had any knowledge[3] that the '304 Patent—directed to the field of automotive diagnostic equipment and automotive service equipment—applied to any its customers' telecommunications products.

Accordingly, because Magnacross fails to allege any facts that plausibly raise a claim for induced infringement, Magnacross's induced infringement allegations should be dismissed.

---

[3] The Complaint's sole allegation regarding T-Mobile's knowledge of the '304 Patent's existence is that T-Mobile "had actual knowledge of the '304 patent since at least June 1, 2015, when it was served with the original complaint in this action."  Complaint at ¶ 12.  The Complaint contains no facts that would allow an inference that T-Mobile had knowledge of the '304 Patent at any time prior to June 1, 2015.

### ii.      Magnacross fails to plead any facts to support its claim for contributory infringement

Similarly, Magnacross's "allegations" of contributory infringement are lacking.  To adequately state a claim for contributory infringement under 35 U.S.C. § 271(c), a plaintiff must include specific, non-conclusory factual allegations demonstrating that the defendant offered to sell or sold a "component for use in a patented process…constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent...and the component sold or offered for sale has no substantial non-infringing uses…." 35 U.S.C. § 271(c); *See In re Bill of Lading*, 681 F.3d at 1332 n.4, 1337.

Again, Magnacross fails to allege ***any*** facts that plausibly raise a claim for contributory infringement.  Specifically, the Complaint alleges that T-Mobile is liable for contributory infringement by "intending to provide the accused instrumentalities to its customers knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '304 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use."  Complaint at ¶ 14.  That is, the Complaint merely restates the elements of a contributory infringement claim.  However, the Complaint does not contain any facts regarding T-Mobile's knowledge that the accused product sold is especially made or especially adapted for infringing use.

Moreover, the Complaint does not contain any facts to support that either the accused instrumentalities and/or T-Mobile's accused system have no substantial non-infringing uses.  Magnacross must plead more than that the accused product is equally capable of both infringing and non-infringing uses.  *See In re Bill of Lading*, 681 F.3d at 1338.  Where the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie.  *Id*.  For example, the Complaint implies

that "video chat" using video and audio sensors of a smartphone is the infringing use, but ignores

substantial non-infringing uses of the video sensor (for capturing video) and the audio sensor (for

capturing audio) on smartphones unrelated to video chat.

As a result, the Complaint lacks any allegations that could establish T-Mobile's liability

for indirect infringement, by inducement or by contribution.  Therefore, Magnacross's claims for

indirect infringement should be dismissed.

## CONCLUSION

For the foregoing reasons, T-Mobile respectfully requests that the Court grant its motion

and dismiss Magnacross's Complaint in its entirety.


Dated: January 13, 2016

__*/s/ John M. Jackson*_____
Robert P. Latham
Texas Bar No. 11975500
blatham@jw.com
John M. Jackson
Texas Bar No. 24002340
jjackson@jw.com
Blake Dietrich
Texas Bar No. 24087420
bdietrich@jw.com
JACKSON WALKER L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone:  (214) 953-6000
Facsimile:  (214) 953-5822

**ATTORNEYS FOR DEFENDANT
T-MOBILE USA, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on this 13th day of January, 2016 with a copy of this email via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/ John M. Jackson*
John M. Jackson