# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **MAGNACROSS, LLC,** | |
| **Plaintiff,** | Case No. 2:15-cv-844-JRG-RSP |
| v. | Jury Trial Demanded |
| **CELLCO PARTNERSHIP DBA VERIZON WIRELESS,** *et al.* | |
| **Defendants**. | |
| v. **AT&T MOBILITY LLC** **Defendant.** | Case No. 2:15-cv-842-JRG-RSP Jury Trial Demanded |

**PLAINTIFF MAGNACROSS LLC'S OPPOSITION TO DEFENDANT AT&T MOBILITY LLC'S MOTION TO DISMISS ALL CLAIMS IN PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FED.R.CIV.P. 12(b)(6)**

David R. Bennett
DIRECTION IP LAW
P.O. Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
e-mail: dbennett@directionip.com

**ATTORNEY FOR PLAINTIFF MAGNACROSS LLC**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................................... i
TABLE OF AUTHORITIES ............................................................................................................ ii
TABLE OF EXHIBITS .................................................................................................................... iv
I.   INTRODUCTION ..................................................................................................................1
II.  SUMMARY OF THE ARGUMENT ....................................................................................1
III. STATEMENT OF FACTS .....................................................................................................3
     A. U.S. Patent No. 6,917,304 .............................................................................................. 3
     B. Magnacross's Allegations of Infringement and Service of Infringement
        Contentions. ................................................................................................................... 4
     C. Magnacross's Attempt to Meet and Confer ................................................................... 6
IV.  STATEMENT OF LAW ........................................................................................................7
V.   MAGNACROSS'S AMENDED COMPLAINT FULLY COMPLIES WITH THE
     APPLICABLE LAW ..............................................................................................................9
     A. Magnacross's Accusation of Direct Infringement is Properly Pled Because it
        Provide Allegations that Defendant Infringes the Patent by Making, Selling, or
        Using an Identified System or Method .......................................................................... 9
     B. Magnacross's Accusation of Induced Infringement is Properly Pled Because it
        Pleads Plausible Facts Showing that Defendant Possessed the Specific Intent to
        Encourage its Customers to Infringe the '304 Patent .................................................. 11
     C. Magnacross's Accusation of Contributory Infringement is Properly Pled
        Because it Only Pleads that the Accused Instrumentality is Not a Staple Article
        of Commerce Suitable for Substantially Noninfringing Use ....................................... 13
     D. In the Alternative, Magnacross Should be Granted Leave to Amend its
        Complaint ..................................................................................................................... 14
CONCLUSION .................................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ............................................................................................. 8, 11

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................... 8

*Bill of Lading Trans & Process. Sys. Patent Litig., In re*,
   681 F.3d 1323 (Fed.Cir. 2012) ................................................................................. 9, 10

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
   116 F.3d 1364 (11th Cir. 1997) ..................................................................................... 8

*Campbell v. Wells Fargo Bank,*
   781 F.2d 440 (5th Cir. 1986) ......................................................................................... 7

*Foman v. Davis*,
   371 U.S. 178 (U.S. 1962) ............................................................................................ 15

*Inmotion Imagery Techs., LLC v. Imation Corp.*,
   C.A. No. 2:12-cv-298-JRG, slip op. (E.D. Tex. Mar. 23, 2016) (Ex. 7) .................. 9, 10, 13, 15

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,*
   677 F.2d 1045 (5th Cir. 1982) ....................................................................................... 7

*Lochner Techs., LLC v. AT Labs Inc.*,
   C.A. No. 2:11-cv-242-JRG, slip op. (E.D. Tex. July 5, 2012) (Ex. 3) ........................... 7, 13, 14

*Lodsys, LLC v. Brother Int'l Corp.*,
   C.A. No. 2:11-cv-90-JRG; slip op. (E.D. Tex. March 8, 2012) (Ex. 5) .............................. 7, 13

*Lowery v. Texas A&M Univ. Sys.,*
   117 F.3d 242 (5th Cir. 1997) ......................................................................................... 7

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed.Cir. 2007) .......................................................................... 7, 8, 9, 10

*Mobilemedia Ideas LLC v. HTC Corp. and HTC America, Inc.*,
   C.A. No. 2:10-cv-112-TJW, slip op. (E.D. Tex. Sept. 15, 2011) (Ex. 9) ..................... 13

*Parallel Networks, LLC v. Abercrombie & Fitch, et. al.*,
   C.A. No. 6:10-cv-111-LED at Dkt. No. 336 (E.D. Tex. March 14, 2011) (Ex. 1) ............ 1, 6

*Phonometrics, Inc. v. Hospitality Franchise Systems*,
   203 F.3d 790 (Fed.Cir. 2000) ..................................................................................... 8, 9

**Statutes**

35 U.S.C. §271(c) ............................................................................................................ 9

**Rules**

Form 18, Fed.R.Civ.P. ................................................................................................... 8, 9

Rule 8(a)(2), Fed.R.Civ.P. ................................................................................................ 7

Rule 12(b)(6), Fed.R.Civ.P. .............................................................................................. 6

Rule 84, Fed.R.Civ.P. ....................................................................................................... 8

# TABLE OF EXHIBITS

Exhibit 1  *Parallel Networks, LLC v. Abercrombie & Fitch, et. al.*,
C.A. No. 6:10-cv-111-LED at Dkt. No. 336 (E.D. Tex. March 14, 2011).

Exhibit 2  Series of e-mails between David Bennett (counsel for Magnacross) and counsel for AT&T Mobility LLC, Sprint Spectrum L.P., T-Mobile USA, Inc., and Cellco Partnership dba Verizon Wireless dated January 8, 2016, and January 21, 2016 (without attachments).

Exhibit 3  *Lochner Techs., LLC v. AT Labs Inc.*,
C.A. No. 2:11-cv-242-JRG, slip op. (E.D. Tex. July 5, 2012).

Exhibit 4  Amended Complaint at issue in *Lochner Techs., LLC v. AT Labs Inc.*,
C.A. No. 2:11-cv-242-JRG, slip op. (E.D. Tex. July 5, 2012).

Exhibit 5  *Lodsys, LLC v. Brother Int'l Corp.*,
C.A. No. 2:11-cv-90-JRG; slip op. (E.D. Tex. March 8, 2012).

Exhibit 6  Complaint at issue in *Lodsys, LLC v. Brother Int'l Corp.*,
C.A. No. 2:11-cv-90-JRG; slip op. (E.D. Tex. March 8, 2012).

Exhibit 7  *Inmotion Imagery Techs., LLC v. Imation Corp.*,
C.A. No. 2:12-cv-298-JRG, slip op. (E.D.Tex. Mar. 23, 2013).

Exhibit 8  Complaint at issue in *Inmotion Imagery Techs., LLC v. Imation Corp.*,
C.A. No. 2:12-cv-298-JRG, slip op. (E.D.Tex. Mar. 23, 2016).

Exhibit 9  *Mobilemedia Ideas LLC v. HTC Corp. and HTC America*,
C.A. No. 2:10-cv-112-TJW, slip op. (E.D. Tex. Sept. 15, 2011).

Exhibit 10  Complaint at issue in *Mobilemedia Ideas LLC v. HTC Corp. and HTC America*,
C.A. No. 2:10-cv-112-TJW, slip op. (E.D. Tex. Sept. 15, 2011).

Plaintiff Magnacross LLC ("Magnacross") hereby opposes AT&T Mobility LLC's ("Defendant") Motion to Dismiss All Claims in Plaintiff's First Amended Complaint under Fed.R.Civ.P. Rule 12(b)(6) (Dkt. No. 142) ("Defendant's Motion")).

## I. INTRODUCTION

Four months after Defendant was served PR 4-1 infringement contentions, Defendant files this motion challenging the sufficiency of Magnacross's pleadings of direct and indirect infringement in its Amended Complaint. Defendant's attack on the direct infringement pleading is particularly surprising because Defendant previously responded to the identical accusation of direct infringement in Magnacross's Original Complaint without challenging the sufficiency of the pleading. At this stage of the case, regardless of the merits of this type of motion, the Court has "strongly encourage[d] the parties to try the case on the merits and not unnecessarily burden the Court with technical issues that lack practical substance." *Parallel Networks, LLC v. Abercrombie & Fitch, et. al.*, C.A. No. 6:10-cv-111-LED at Dkt. No. 336 (E.D. Tex. March 14, 2011) (Ex 1).[1] With that in mind, Magnacross sought to meet and confer with Defendant to resolve the dispute without unnecessarily burdening the Court. Defendants were not willing to agree that any amendments would be acceptable. Magnacross therefore files this opposition demonstrating that its Amended Complaint complies with the requirements for pleading direct and indirect infringement.

## II. SUMMARY OF THE ARGUMENT

1. Defendant's challenge to the sufficiency of Magnacross's allegation of direct infringement should be denied because Magnacross properly plead that Defendant directly infringes at least one claim of U.S. Patent No. 6,917,304 ("the '304 Patent"). This argument

---

[1] Ex. 1 – 10 refer to the exhibits to the attached Declaration of David R. Bennett in support of this opposition.

should be mooted by the fact that (a) Magnacross served PR 3-1 infringement contentions on Defendant over four months ago explaining the accusation of infringement, and (b) Defendant already pled a response to an identical assertion in Magnacross's original Complaint. Regardless, Defendant does not dispute that Magnacross properly alleges jurisdiction, ownership of the patent, notice to Defendant, and a demand for an injunction and damages. The only dispute is whether Magnacross provides a statement that Defendant has been infringing the patent by making, selling or using an embodiment of the patented invention. Magnacross satisfies this requirement by stating that Defendant infringes claim 1 of the '304 patent by using a mobile device (that has a video sensor for capturing video and an audio sensor for capturing audio) and a LTE(4G) network base station to transmit information according to the claimed method.

2. Defendant's attempt to seek dismissal of the charge of induced infringement should also be denied. Magnacross alleges facts that Defendant specifically intended for Defendant's customers to infringe the asserted patent and knew that the customers' acts constituted infringement. Magnacross's Amended Complaint pleads that Defendant's customers are direct infringers; that Defendant specifically intended to induce infringement by providing the accused instrumentalities to its customers and by aiding and abetting their use; that Defendant encourages customers to use the accused instrumentalities and provides instructions for conducting the directly infringing use; and that Defendant was aware of the patent-in-suit and the asserted infringement at least as early as the service of the original Complaint and thus Defendant knew that the customers' acts constituted infringement. (Dkt. No. 96 at ¶¶11-14). These facts are sufficient to support a plausible claim of relief for induced infringement.

3. Magnacross has also properly pled a plausible claim for contributory infringement. Magnacross accuses Defendant of selling or offering to sell a material or apparatus for use in practicing a patented process, that Defendant knows that the accused instrumentality is not a staple article or commodity of commerce suitable for substantially noninfringing use, and that Defendant was aware of the patent, aware of the accusation of infringement, and provides instructions for conducting the directly infringing use knowing that its use was made and adapted for infringement of the '304 patent. (Dkt. No. 96 at ¶¶11-14). Defendant's motion should therefore be denied because Magnacross pleads sufficient facts to support a plausible claim of relief for contributory infringement.

In the event the Court finds that the pleadings in the Amended Complaint are insufficient, Magnacross respectfully requests that the Court grant Magnacross leave to amend the complaint because, at a minimum, Magnacross sought in good faith to reach an agreement with Defendant regarding an agreeable pleading prior to the deadline to amend the pleadings.

## III.   STATEMENT OF FACTS

The patent at issue, the '304 patent, issued on July 12, 2005, and has a foreign application priority date of April 3, 1997. (Dkt. No. 96 at Ex. A). It is entitled "Wireless Mutliplex [*sic*] Data Transmission System." (*Id.* at ¶9, Exh. A at cover). Magnacross owns all right, title and interest in the '304 patent. (*Id.* at ¶10). This Court has subject matter jurisdiction over this patent infringement action and venue is proper in this district. (*Id.* at ¶¶3-6).

### A.   U.S. Patent No. 6,917,304

The '304 patent is directed to, *inter alia*, a method and apparatus for wireless transmission of data through a communications channel comprising at least two local data sensors and a data processing function to receive data from the local sensors. (*Id.* at Ex. A at col. 1:4-7). Claim 1 of the '304, which is asserted in the Complaint and Amended Complaint, is a

method that requires dividing the communications channel between the data sensors and data processor asymmetrically such that the data carrying capacities of the sub-channels are unequal, the data rate required for data transmission from the sensors differs substantially between the sensors, and allocating data from the sensors to one or groups of sub-channels in accordance with the data carrying capacities of the sub-channels. (*Id.* at Ex. A at col. 7:29-45).

> B. **Magnacross's Allegations of Infringement and Service of Infringement Contentions.**

On May 26, 2015, Magnacross filed its Original Complaint for Patent Infringement accusing Defendant of infringing at least claim 1 of the '304 patent. (C.A. No. 2:15-cv-00842, Dkt. No. 1 at ¶11). Defendant's answer responded to the allegation of direct infringement and did not contend that it failed to state a claim. (C.A. No. 2:15-cv-00842, Dkt. No. 12 at ¶11).

On September 16, 2015, Magnacross served its PR 3-1 infringement contentions on Defendant explaining Magnacross's accusation of infringement. (Dkt. No. 40).

On November 25, 2015, Magnacross filed its First Amended complaint, which has the *identical* allegation of direct infringement as in the original Complaint:

> 11. **Direct Infringement.** Upon information and belief, Defendant has been and now is directly infringing at least claim 1 of the '304 patent in the State of Texas, in this District, and elsewhere in the United States, by actions comprising using a LTE(4G) network base station to receive audio and video data transmissions from mobile devices, such as smartphones, that have a video sensor for capturing video and an audio sensor for capturing audio, which collectively perform the method of the wireless transmission of data through a communications channel from at least two data sensors to a data processor with the method comprising the step of division of the channel into sub-channels and transmitting the data from the data sensors respectively though the sub-channels accordingly; characterized by a) the step of division of the communications channel being effected asymmetrically whereby the data carrying capacities of the sub-channels are unequal; and b) the data rate required for data transmission from the local sensors differing substantially between the two sensors; and c) allocating data from the local data sensors to respective ones or groups of sub-channels in accordance with the data carrying capacities of the sub-channels.

(Dkt. No. 96 at ¶11; *compare to* C.A. No. 2:15-cv-00842, Dkt. No. 1 at ¶11). The allegation asserts that Defendant directly infringes at least claim 1 of the '304 patent through transmitting audio and video data transmissions from mobile devices having a video and an audio sensor to LTE(4G) network base stations. (*Id.*).

The Amended Complaint added allegations of induced and contributory infringement:

> 12. **Indirect Infringement.** Upon information and belief, Defendant has been and now is indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '304 patent in the State of Texas, in this District, and elsewhere in the United States, by providing a LTE(4G) network base station to receive audio and video data transmissions from mobile devices, such as smartphones, that have a video sensor for capturing video and an audio sensor for capturing audio for use by Defendant's customers. Defendant is a direct and indirect infringer, and its customers using the accused instrumentalities are direct infringers. Upon information and belief, Defendant had actual knowledge of the '304 patent since at least June 1, 2015, when it was served with the original Complaint in this action.
>
> 13. On information and belief, since becoming aware of the '304 patent, Defendant is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the accused instrumentalities to its customers and by aiding and abetting its use. Defendant encourages customers to use the accused instrumentalities, and provides instructions for conducting the directly infringing use. On information and belief, Defendant knew or should have known that through its acts it was and is inducing infringement of the '304 patent.
>
> 14. On information and belief, Defendant is and has been committing the act of contributory infringement by intending to provide the identified accused instrumentalities to its customers knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '304 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

(Dkt. No. 96 at ¶¶12-14). The complaint therefore alleges that Defendant, as a direct infringer, is also an indirect infringer by inducing or contributing to infringement by providing mobile devices for transmitting audio and video data transmissions using Defendant's LTE(4G) network

5

to Defendant's customers. (*Id.*). The customers in Magnacross's accusation of indirect infringement are the direct infringers. (*Id.*). The requisite level of intent required for the assertion of contributory infringement is also alleged, as is knowledge of the '304 patent and the infringement. (*Id.*).

### C. Magnacross's Attempt to Meet and Confer

After reviewing Defendant's motion to dismiss, Magnacross sought to eliminate the need for the motion by attempting to meet and confer over the disputed pleading. (Ex. 2 at 4 (1/8/2016 Bennett e-mail to Whittlesey)). Magnacross hoped to reach an agreement prior to the deadline by which Magnacross could amend the complaint without leave of the Court, February 5, 2016. (Dkt. No. 67 at 4).

Magnacross informed Defendant that regardless of the merits of a motion to dismiss for failure to state a claim on infringement, in this situation in which Defendant has already been served infringement contentions, the Court "strongly encourages the parties to try the case on the merits and not unnecessarily burden the Court with technical issues that lack practical substance." (Ex. 2 at 4 (*citing Parallel Networks*, slip op. (Ex. 1)). Defendant responded that it was entitled to bring the motion but requested proposals. (Ex. 2 at 3). Magnacross provided a proposal on direct infringement and provided case law and prior complaints found by this Court to adequately plead indirect infringement. (Ex. 2 at 2-3 (1/12/2016 e-mail from Bennett to Whittlesey et al.). For induced and contributory infringement, Magnacross requested that Defendant explain what factual allegations were found in the acceptable complaints that were not found in Magnacross's pleadings. (Ex. 2 at 2). Defendant was not willing to negotiate a resolution to amended pleadings. (Ex. 2 at 1 (1/21/2016 Whittlesey e-mail to Bennett)).

**IV. STATEMENT OF LAW**

Regional circuit law applies to motions to dismiss for the failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed.Cir. 2007); *Lochner Techs., LLC v. AT Labs Inc.*, C.A. No. 2:11-cv-242-JRG, slip op. at 2 (E.D. Tex. July 5, 2012) (Ex. 3)); *Lodsys, LLC v. Brother Int'l Corp.*, C.A. No. 2:11-cv-90-JRG; slip op. at 1 (E.D. Tex. March 8, 2012) (Ex. 5). The standard for deciding a Rule 12(b)(6) motion has been summarized by the Court of Appeals for the Fifth Circuit as follows:

> A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). The district court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Lowery v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (citations omitted); *see Phonometrics, Inc. v. Hospitality Franchise Systems*, 203 F.3d 790, 793-794 (Fed.Cir. 2000) ("the dismissal standard is extraordinary, and one not to be taken lightly"; a motion to dismiss "is viewed with disfavor and rarely granted." "Dismissal of a claim… is a precarious disposition with a high mortality rate." (*citing and quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997))).

Under Rule 8(a)(2), a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P.[2] What is required in a complaint are allegations sufficient to show that the complainant is plausibly entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007) ("[W]e do not require heightened fact pleadings of specifics, but only enough facts to state a claim to relief

---
[2] References in this opposition to the Federal Rules of Civil Procedure refer to the version of the Rules in effect at the time of the filing of the original Complaint and the Amended Complaint.

that is plausible on its face."). In deciding whether a complaint states a plausible claim for relief is a context-specific task that requires this Court "to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim of patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (*citing Twombly*, 550 U.S. at 565 n.10). To that end, the Federal Rules in effect at the time of the filing of the case and at the time of the filing of the Amended Complaint provide specific guidance for pleading in patent infringement actions. Rule 84, Fed.R.Civ.P., provides forms in an appendix that give examples of correct and sufficient pleadings. In patent infringement actions, Form 18, Fed.R.Civ.P., provides an example of a proper and sufficient patent infringement complaint. Form 18, Fed.R.Civ.P. (2007); *see also McZeal*, 501 F.3d at 1356-57 (describing the requirements of the form (current Form 18 was previously numbered Form 16 prior to the revision of the Federal Rules in 2007)); *Clear with Computers*, C.A. No. 6:09-cv-481, slip op. at 3; *accord Phonometrics*, 203 F.3d at 793-794.

For induced infringement, a complaint alleging indirect infringement is sufficient if it contains "facts plausibly showing that [the defendants] specifically intended their customers to infringe the [asserted] patent and know that the customer's act constituted infringement." *Inmotion Imagery Techs., LLC v. Imation Corp.*, C.A. No. 2:12-cv-298-JRG, slip op. at 5 (E.D. Tex. Mar. 23, 2016) (Ex. 7) (*quoting In re Bill of Lading Trans & Process. Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed.Cir. 2012)). The filing of a lawsuit "provides notice of the asserted patents and provides a sufficient basis to allege the knowledge and intent necessary to sustain allegations of indirect infringement." *Id.*

Contributory infringement requires that a party sell or offer to sell a material or apparatus for use in practicing a patented process, and that the material or apparatus is material to practicing the infringe, has no substantially non-infringing uses, and is known by the party to be especially made or especially adapted for sue in an infringement of such patent. 35 U.S.C. §271(c); *In re Bill of Lading*, 681 F.3d at 1337; *Inmotion Imagery*, slip op. at 5 (Ex. 7). An accusation that an accused instrumentality is especially made and/or adapted for uses that infringe the patent-in-suit and are not staple articles or commodities of commerce suitable for substantial noninfringing uses is sufficient to permit an inference of a defendant's contributing to other infringement of the patent-in-suit. *Inmotion Imagery*, slip op. at 5 (Ex. 7) (*citing In re Bill of Lading*, 681 F.3d at 1337).

## V.  MAGNACROSS'S AMENDED COMPLAINT FULLY COMPLIES WITH THE APPLICABLE LAW

Magnacross's Amended Complaint complies with the pleading requirements for direct and indirect infringement.

### A.  Magnacross's Accusation of Direct Infringement is Properly Pled Because it Provide Allegations that Defendant Infringes the Patent by Making, Selling, or Using an Identified System or Method

Form 18, Fed.R.Civ.P. ("Form 18") requires that an allegation of direct infringement requires (1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling or using an identified system or method; (4) notice of the infringement; and (5) a demand for an injunction and damages. *McZeal*, 501 F.3d at 1357. Defendant does not dispute that Magnacross has sufficiently pled (1) jurisdiction, (2) that Magnacross owns the patent, (4) notice of the infringement, and (5) a demand for an injunction and damages. (*See* Dkt. No. 142 at 8-9).

9

Defendant only contends that Magnacross has not asserted that Defendant infringes the patent by making, selling or using an identified system or method. (*Id.*). Defendant contends that Magnacross only asserts that Defendant infringes based on Defendant's "'LTE(4G) base station' ***receiving*** data from allegedly infringing devices," but not transmitting data, which is required by the claim. (*Id.* at 9). However, the full allegation of direct infringement by Magnacross asserts that Defendant is directly infringing by transmitting data by asserting that the LTE(4G) network base station and mobile devices:

> "collectively perform the method of the wireless ***transmission of data*** through a communications channel from at least two data sensors to a data processor with the method comprising the step of division of the channel into sub-channels and ***transmitting the data*** from the data sensors respectively though the sub-channels accordingly; characterized by a) the step of division of the communications channel being effected asymmetrically whereby the data carrying capacities of the sub-channels are unequal; and b) the data rate required for ***data transmission*** from the local sensors differing substantially between the two sensors; and c) allocating data from the local data sensors to respective ones or groups of sub-channels in accordance with the data carrying capacities of the sub-channels.

(Dtk. No. 96 at ¶11) (emphasis added). Magnacross has therefore pled that Defendant performs both the steps of dividing a communications channel into sub-channels and transmitting data from at least two data sensors through the sub-channels required by the claim.

Furthermore, "there is no requirement that the facts alleged mimic the precise language used in the claim; what is necessary is that the facts, when considered in their entirety and in context, lead to the common sense conclusion that a patented method is being practiced." *In re Bill of Lading*, 681 F.3d at 1342-43. At most, Defendant is arguing over the stylistic choice to phrase the transmission as being received by LTE(4G) base station, rather than as being transmitted from the mobile device to the LTE(4G) base station. In this case, it is common sense that the receiving of data at the LTE(4G) base station from the mobile device necessarily

requires a transmission to the LTE(4G) base station from the mobile device, which is attributed in the Amended Complaint to Defendant. (Dtk. No. 96 at ¶11). Magnacross has therefore sufficiently provided Defendant of notice that Defendant has been infringing the patent by making, selling or using the identified system and method.

Defendant's contention that a different pleading standard should be applied under the new Federal Rules of Civil Procedure that took effect *after* Magnacross's Amended Complaint was filed is not supported by any argument and therefore should be disregarded. *Inmotion Imagery*, at 5 (Ex. 7) (Defendant failed to provide any specific guidance as of why the elements of the cause of action were not met). First, the allegation of direct infringement was identically pled on May 26, 2015, over six months before the new Federal Rules took effect, not five days as Defendant contends. (*Compare* Dkt. No. 96 at ¶11 *to* C.A. No. 2:15-cv-00842, Dkt. No. 1 at ¶11). Second, Defendant makes no argument as to why it would be practicable to apply the new rules in this case. And, third, Defendant makes no argument as to why Magnacross's Amended Complaint does not comply with the pleading standard under the new Federal Rules. Regardless, as explained above, Magnacross's Amended Complaint pleads a plausible claim for relief for direct infringement.

### B. Magnacross's Accusation of Induced Infringement is Properly Pled Because it Pleads Plausible Facts Showing that Defendant Possessed the Specific Intent to Encourage its Customers to Infringe the '304 Patent

Magnacross's Amended Complaint complies with the legal requirements for pleading induced infringement. Magnacross's Amended Complaint (1) adequately pleads direct infringement by a defendant's customer ("its customers using the accused instrumentalities are direct infringers"); (2) contains facts plausibly showing that Defendant specifically intended for its customers to infringe the asserted patent (Defendant "specifically intend[ed] to induce infringement by providing the accused instrumentalities to its customers and by aiding and

11

abetting its use. Defendant encourages customers to use the accused instrumentalities, and provides instructions for conducting the directly infringing use."); and (3) contains facts plausibly showing that Defendant knew that the customer's acts constituted infringement (Defendant was aware of the patent-in-suit and the asserted infringement at least as early as the service of the original Complaint). (Dkt. No. 96 at ¶12). The specificity of pleaded facts in Magnacross's Amended Complaint complies with the level of disclosure found by this Court to be sufficient in other cases. *See Lochner*, slip op. at 3 (Ex. 3) (*citing* Lochner Amended Complaint at ¶9); (Lochner Complaint at ¶9 (Ex. 4)); *Lodsys*, slip op. at 3 (Ex. 5) (*citing* Lodsys Complaint at ¶¶16, 27); (Lodsys Amended Complaint at ¶¶16, 27 (Ex. 6)); *Inmotion Imagery*, slip op. at 5 (Ex. 7) (*citing* Inmotion Imagery Complaint at ¶¶12, 22); (Inmotion Imagery Complaint at ¶¶12, 22 (Ex. 8)); *Mobilemedia Ideas LLC v. HTC Corp. and HTC America, Inc.*, C.A. No. 2:10-cv-112-TJW, slip op. (E.D. Tex. Sept. 15, 2011) (Ex. 9) (*citing* Mobilemedia Complaint at ¶11); (Mobilemedia Complaint at ¶11 (Ex. 10)).

Defendant argues that the "Complaint does not contain any facts plausibly showing that [Defendant] possessed the specific intent to encourage its customers or any third party to infringe the '304 patent." (Dkt. No. 142 at 5). However, this Court has found that "the filing of [a] lawsuit provides notice of the asserted patent[ ] and provides a sufficient basis to allege the knowledge and intent necessary to sustain allegations of indirect infringement." *Inmotion Imagery*, slip op. at 5 (Ex. 7). Magnacross's Amended Complaint asserts that the filing of the lawsuit provides notice of the asserted patent. (Dkt. No. 96 at ¶12). In addition, the Amended Complaint contends that "Defendant encourages customers to use the accused instrumentality, [ ] provides instructions for conducting the directly infringing use," and that "Defendant knew or should have known that through its acts it was and is inducing infringement of the '304 patent."

(*Id.* ¶¶12-13). As can be reasonably inferred from the Amended Complaint, Defendant possessed the specific intent to encourage its customers to infringe the '304 patent because it knew of the patent-in-suit,[3] knew of the infringement, and continued to provide instructions to its customers for conducting the directly infringing use.

      C.      **Magnacross's Accusation of Contributory Infringement is Properly Pled Because it Only Pleads that the Accused Instrumentality is Not a Staple Article of Commerce Suitable for Substantially Noninfringing Use**

Magnacross's Amended Complaint also complies with the legal requirements for pleading contributory infringement. Magnacross accuses Defendant of selling or offering to sell a material or apparatus for use in practicing a patented process ("Defendant is and has been committing the act of contributory infringement by intending to provide the identified accused instrumentalities to its customers knowing that it is a material part of the invention"), that the accused instrumentality has no substantially non-infringing uses (Defendant provides the accused instrumentality "knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use"), and that the accused instrumentality is made or especially adapted for sue in an infringement of such patent (Defendant was aware of the patent, aware of the accusation of infringement, "provides instructions for conducting the directly infringing use," and provides the accused instrumentality "knowing that its use was made and adapted for infringement of the '304 patent"). (Dkt. No. 96 at ¶¶11-13). Magnacross has therefore pled sufficient facts to allege contributory infringement by Defendant.

Defendant's remaining basis for challenging the assertion of contributory infringement is Defendant's incorrect contention that Magnacross pled that the accused instrumentality "is equally capable of both infringing and non-infringing uses." (Dkt. No. 142 at 7). There is no

---

[3] Pleading knowledge of the patent as a result of the filing of a complaint is sufficient knowledge to plead indirect infringement. *Lochner*, slip op. at 3 (Ex. 3).

assertion in the Amended Complaint that the accused instrumentality is capable of substantial non-infringing uses. Magnacross only pleads that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use. (Dkt. No. 96 at ¶13). Magnacross has therefore properly pled that there are no substantially non-infringing uses. *Inmotion Imagery*, slip op. at 5 (Ex. 7).

### D. In the Alternative, Magnacross Should be Granted Leave to Amend its Complaint

Although Magnacross contends its Amended Complaint sufficiently pleads direct and indirect infringement, in the event the Court finds that the pleadings are insufficient, Magnacross respectfully requests that the Court grant Magnacross leave to amend its complaint to correct any deficiencies. Magnacross attempted to meet and confer to addressed any deficiencies perceived by Defendant in the Amended Complaint. (Ex. 2). Magnacross sought to do so because the Docket Control Order allows Magnacross to amend the complaint without leave of the Court prior to February 5, 2016. (Dkt. No. 67 at 4). Defendant was not willing to negotiate a resolution to amended pleadings. (Ex. 2 at 1 (1/21/2016 Whittlesey e-mail to Bennett)). Because Magncross sought to reach agreement on amendments to its complaint within the time provided to do so without leave, there is no undue delay, bad faith, or dilatory motive to amend its complaint. Leave to amend the complaint should therefore be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962).

### CONCLUSION

For the foregoing reasons, Defendant's motion should be denied.

Dated: January 25, 2016             Respectfully submitted,

                                         */s/ David R. Bennett*
                                 By: David R. Bennett
                                    DIRECTION IP LAW

P.O. Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
e-mail:  dbennett@directionip.com

**ATTORNEY FOR PLAINTIFF
MAGNACROSS LLC**

## CERTIFICATE OF SERVICE

     I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on January 25, 2016, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                               */s/ David R. Bennett*
                                               David R. Bennett