# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MAGNACROSS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> Defendant. | Case No. 2:15-cv-844-JRG-RSP <br><br> (LEAD CASE) |

## DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS' OPPOSITION TO MAGNACROSS'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") respectfully requests that the Court deny Plaintiff Magnacross's motion for leave to amend its infringement contentions. Verizon Wireless agrees that Magnacross may drop its infringement contentions against the products from Verizon Wireless' vendor, Kyocera, which are the only Verizon Wireless products that have thus far been accused of infringement. However, Verizon Wireless opposes Magnacross's attempt to interject at this late date products from an entirely different vendor, Quanta Computer Inc. ("Quanta"), which has never heretofore been involved in this case.

**A.     The Relevant Timeline Shows That Magnacross Could Have Identified Quanta Products In Its Rule 3-1 Infringement Contentions But Failed To Do So.**

Long prior to the Complaint in this case and to Magnacross's Rule 3-1 Infringement Contentions, Verizon Wireless sold Quanta products that Magnacross itself alleges to operate substantially identical to the operation that Magnacross accuses in its Rule 3-1 Infringement Contentions – at least for purposes of this asserted patent in this case. Whether by intent or by mistake, Magnacross did not include those prior Quanta products in the Rule 3-1 Infringement Contentions. Magnacross should not be permitted to expand this case out with these belated contentions.

Magnacross first raised Quanta products to Verizon in a December 30, 2015 email between counsel. Exh 1. In that email, Magnacross stated that it

> We recently found Verizon branded products offered by Verizon Wireless (Verizon Ellipsis 8 and 10) that provide the same functionality as the Kyocera products.

*Id.* The Ellipsis 8 and 10 products are Quanta products. The Ellipsis 8 product was first sold by Verizon Wireless in November 2014 and was widely reported in the press at that time. Exh. 2.

Thus, the relevant timeline is as follows:

| **Date** | **Event** |
|---|---|
| November 2014 | Verizon Wireless sells the Quanta Ellipsis 8 product |
| May 26, 2015 | Magnacross filed the Complaint against Verizon Wireless |
| September 16, 2015 | Magnacross serves its 3-1 Infringement Contentions identifying only Kyocera products as being accused |
| November 12, 2015 | Verizon Wireless starts selling the Quanta Ellipsis 10 product. See Dkt. #182-3 (Exh. 2 to Magnacross' motion for leave to amend) |
| January 20, 2016 | Magnacross provides draft Amended Infringement Contentions identifying the Ellipsis 10 as being accused. |

Magnacross said that the Quanta products (Ellipsis 8 and Ellipsis 10) "provide the same functionality as the [then-accused and unlicensed] Kyocera products." Exh. 1. If Magnacross wanted to include the Quanta products in this case, it could have included the Quanta products (at least the Ellipsis 8) in its September 16, 2015 3-1 Infringement Contentions. Magnacross did not do so and should not be given a do-over at this point.

Moreover, Verizon Wireless indisputably suffered prejudice in the delay in the contentions. Verizon Wireless did not have the benefit of advice and assistance from its vendor, Quanta, in forming and serving its invalidity contentions. Verizon Wireless also did not have the advice and assistance of Quanta in forming non-infringement and claim construction positions. Quanta is in the best position to defend its products. Indeed, the infringement contentions rely heavily on the operation of Quanta's products – which is controlled by Quanta, not Verizon Wireless.

Magnacross is not without relief.  Magnacross could readily file a lawsuit against Quanta just as Magnacross has sued the other Verizon Wireless device vendors independently in this court including Samsung, Motorola Mobility, HTC, BlackBerry, LG, Kyocera, and Microsoft.

If the Court chooses to permit Magnacross to interject the Quanta products into the case, Verizon Wireless respectfully requests that the Court continue all pending deadlines in the Docket Control Order and Discovery Order for 60 days.  This continuance would permit Quanta an opportunity to interject itself into this case, either formally or informally, and defend its products.

**B.     Conclusion**

For the foregoing reasons, Verizon Wireless respectfully requests that the Court deny Magnacross's motion in its entirety or, in the alternative, continue all case deadlines by 60 days to permit Quanta and opportunity to be involved in this case and defend its own products.


Dated:  March 7, 2016                                  Respectfully submitted,

*/s/ Kevin P. Anderson, with permission by Michael E. Jones*
    Michael E. Jones
    State Bar No. 10929400
    mikejones@potterminton.com
    POTTER MINTON
    A Professional Corporation
    110 N. College, Suite 500
    Tyler, TX 75702
    Tel: (903) 597-8311
    Fax: (903) 593-0846

    Kevin P. Anderson
    D.C. Bar No. 476504
    kanderson@wileyrein.com
    WILEY REIN LLP
    1776 K Street NW

Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049

*Counsel for Defendants Cellco Partnership
d/b/a Verizon Wireless and Verizon
Communications Inc.*

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 7, 2016.

                   */s/ Michael E. Jones*